IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY HUMMELL, # M-51538,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-111-JPG |
| ) | |
| **JOHNSON, EUGENE HOLT,** ) | |
| **CHARLES SCHULTZ, K. PIERCE,** ) | |
| **CRAIG FOSTER, M. KLEIN,** ) | |
| **ROGER MOSS,** ) | |
| **and LISHA STORMENT,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On January 29, 2016, this case was severed from the joint action that Plaintiff originally filed with two other inmates, *Wilkins, et al., v. Johnson, et al.*, Case No. 15-cv-1368-SMY (Doc. 1 in the instant case). The original complaint was dismissed without prejudice for failure to state a claim, and Plaintiff was ordered to submit an amended complaint in this severed action if he wanted to proceed with his claims.

Plaintiff's deadline to submit the amended pleading was March 4, 2016 (Doc. 1). Plaintiff was warned that if he failed to file an amended complaint, this action would be dismissed with prejudice, and the dismissal would count as one of his three "strikes" under 28 U.S.C. § 1915(g) (Doc. 1, p. 18). The deadline for Plaintiff to act has passed, and he has failed to respond. Therefore, this action is subject to dismissal.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally James v. McDonald's*

*Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 18, 2016**

*s/J. Phil Gilbert*
United States District Judge